## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                    No. CR 10-3449 JB

ROBERT SANCHEZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Sentencing Memorandum, filed October 21, 2011 (Doc. 40)("Sentencing Memorandum"). The Court held a sentencing hearing on November 30, 2011. The primary issues are: (i) whether the Court should, on Plaintiff United States of America's request, sentence Defendant Robert Sanchez to 360 months, which falls within the guideline range of 322 to 387 months; and (ii) whether the Court should, as Sanchez requests, vary downward to a sentence of 240 months or, in the alternative, impose a sentence of 322 months. The Court will deny the request in the Sentencing Memorandum and vary downward to a total sentence of 292 months -- which consists of consecutive sentences of 232 months for Counts 1 and 2 and 60 months for Count 3 -- and eight years of supervised release.

On December 28, 2010, a federal grand jury indicted Sanchez on three Counts: (i) unlawfully, knowingly, and intentionally possessing with the intent to distribute 100 grams and more of a substance containing heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1); (ii) being a felon in possession of seven firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (iii) possessing firearms in furtherance of the drug-trafficking crime alleged in Count 1, in violation

of 18 U.S.C. § 924(c)(1).  See Indictment, filed December 28, 2010 (Doc. 2).  On August 11, 2011,

Sanchez pled guilty to the Indictment.  See Clerk's Minutes, filed August 11, 2011 (Doc. 38).

On October 4, 2011, the United States Probation Office ("USPO") disclosed a PSR for

Sanchez.  The USPO notes that, pursuant to U.S.S.G. § 3D1.2(c), Counts 1 and 2 of the Indictment

are grouped, because Count 1 embodies conduct that is treated as a specific-offense characteristic

in the guideline application for Count 2.  See PSR ¶ 19, at 7.  Accordingly, the PSR calculates the

offense level for the most serious of the Counts as the offense level for the group.  See PSR ¶ 19,

at 7.  The USPO indicates that Count 3 is not grouped, pursuant to U.S.S.G. § 2K2.4, and that the

guideline imprisonment sentence for Count 3 is 60 months, as required by statute, which must run

consecutively to the sentence for Counts 1 and 2.  See PSR ¶ 19, at 7.  The PSR calculates that the

total offense level for Counts 1 and 2 is 34, and that Sanchez has criminal history category of VI,

based on 16 criminal history points, establishing a guideline imprisonment range of 262 to 327

months.  See PSR ¶¶ 30, 43, at 10, 19.  Accordingly, with the 60-month consecutive sentence, the

guideline imprisonment range for all Counts is 322 to 387 months.  See PSR ¶ 88, at 27.

On October 21, 2011, the United States filed its Sentencing Memorandum.  See Doc. 40.

The United States asks the Court to impose a sentence of 360-months imprisonment with a life-term

of supervised release.  See Sentencing Memorandum at 1.  It asserts that Sanchez "has proven that

he is completely incapable of following the orders of any court that oversees him" and reminds the

Court that the federal offenses for which the Court is sentencing him were committed while under

the supervision of the State of New Mexico judicial system.  Sentencing Memorandum at 5-6.  The

United States argues that Sanchez' five prior drug convictions and his possession of seven firearms

speaks volumes about Sanchez' character and the danger he poses to the public.  See Sentencing

Memorandum at 6.  On October 24, 2011, Sanchez filed the Defendant's Response to Government's

Sentencing Memorandum.  <u>See</u> Doc. 41 ("Response").  Sanchez objects to the United States'

sentencing recommendation and requests that the Court sentence him to the mandatory minimum

sentence -- 180 months -- followed by a consecutive sentence of 60 months, for a total sentence of

240 months.  <u>See</u> Response at 1.  Alternatively, if the Court determines that a guideline sentence is

appropriate, Sanchez asks that the Court sentence him at the low end of the guidelines -- 322

months.  <u>See</u> Response at 1.  Sanchez asserts that a sentence of 360 months is equivalent to a life

sentence, because Sanchez is 43 years old.  <u>See</u> Response at 1.  He argues that the "government has

failed to show why a 30-year sentence is appropriate" in his case.  Response at 2.  Sanchez argues

that the United States has not shown that his case differs from other career criminals such that a

high-end sentence would be warranted.  <u>See</u> Response at 3.

On November 30, 2011, the Court held a hearing.  At the hearing, the United States moved

for a third-level reduction for acceptance of responsibility.  <u>See</u> Transcript of Hearing at 3:19-24

(November 30, 2011)(Court, Meyers)("Tr.").[1]  Arguing in support of a variance, Sanchez asserted

that he went back to dealing drugs after his spouse of thirteen years died in July 2010.  <u>See</u> Tr. at

4:18-5:1 (Medrano). He argued that he can learn to deal with his drug addiction and control his drug

dealing because he will be close to seventy years old when he gets out of prison.  <u>See</u> Tr. at 5:5-10

(Medrano).  The United States argued that Sanchez presented no arguments to justify the significant

variance that he requested and that his criminal history indicates that a substantial sentence is

necessary to deter Sanchez.  <u>See</u> Tr. at 8:1-23 (Meyers).  The United States emphasized the serious

nature of the crime and argued that a guidelines sentence is reasonable.  <u>See</u> Tr. at 8:24-9:22

(Meyers).  The United States asserted that it gave no credence to the claim that absent his wife's

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

death Sanchez would not have committed the instant offense.  See Tr. at 11:4-10 (Court, Meyers).

It argued that this sentence is not a life sentence and is clearly authorized under the guidelines and

the respective statutes.  See Tr. at 12:11-13:3 (Court, Meyers).

The Court has reviewed the PSR's factual findings with care, and, there not being objections

as to those, the Court will adopt them as its own.  The Court has also reviewed the PSR's guideline

calculations and will adopt them as well.  The Court has considered the factors set forth in 18 U.S.C.

§ 3553(a).  The total offense level is 34 and the criminal history category is VI.  Pursuant to

U.S.S.G. § 4B1.1 the guideline imprisonment range is 322 to 387 months.

The Court notes that Sanchez possessed with intent to distribute 364.3 grams of heroin and

possessed seven firearms and ammunition.  Additionally, the Court notes that Sanchez has three

prior felony convictions for drug-trafficking offenses.  The Court has considered the guidelines, but

in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals.

Specifically, the Court has considered the applicable category of offense committed by the

applicable category of defendant.  The Court notes that Sanchez' criminal history is very serious and

gives the Court great concern.  The Court recognizes that, as of late, Sanchez appears to have had

some marginal success in life and has been able to form a meaningful personal relationship, which

accounts for the gap in his criminal history.  From February 2007 to his arrest in November 2010

for this offense, Sanchez was not arrested for or convicted of any crimes.  The Court has concern,

however, whether Sanchez' criminal activity ever ended, because of the serious drugs involved in

this case and Sanchez' minimal employment.  The Court believes that a sentence at the high end of

the guideline range is too close to a life sentence, although the Court expects Sanchez to live beyond

his sentence.  On the other hand, Congress has established mandatory minimums for career

offenders like Sanchez, and the Court does not believe that varying to the sentence Sanchez requests

would be appropriate.  Nonetheless, the Court believes that the punishment set forth in the guidelines is inappropriate for Sanchez.  The Court then considered the kinds of sentences and ranges established in the guidelines.  The Court believes that a variance is appropriate given Sanchez' age and that there seems to be a discernable gap in his criminal history from 2007 to 2010. The Court will vary the equivalent of 1 offense level and sentence Sanchez to 292-months imprisonment, which is the equivalent of approximately twenty-four years.  The Court believes that this sentence promotes respect for the law and still gives effect to congressional intent with respect to career offenders.  The Court believes that this sentence is sufficiently lengthy to protect the public.  Furthermore, the Court believes that it avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, because this is not a significant variance and the sentence is only 30 months less than the low end of the guideline range; also Sanchez is currently forty-three, so he is in the older category of defendants.  The Court will also impose a lengthy period of supervised release to give Sanchez some needed education, training, and care to prevent the recurrence of such criminal activity.

The Court concludes that a total sentence of 292-months imprisonment fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a).  While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable.  And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary to comply with the purposes of punishment Congress

set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Sanchez to a total of 292-months imprisonment -- which consists of consecutive sentences of 232 months for Counts 1 and 2 and 60 months for Count 3 -- and eight years of supervised release.

**IT IS ORDERED** that the request in the United States' Sentencing Memorandum, filed October 21, 2011 (Doc. 40), is denied. The Court will grant in part Defendant Robert Sanchez' request for a variance and sentence him to 292-months imprisonment -- consecutive sentences of 232 months for Counts 1 and 2 and 60 months for Count 3 -- and eight years of supervised release.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
   United States Attorney
Joel R. Meyers
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Phillip P. Medrano
   Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

      *Attorney for the Defendant*