# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Robert Sanchez** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:10CR03449-001JB** |
| | USM Number: **10759-051** |
| | Defense Attorney: **Phillip Medrano, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1, 2 and 3 of Indictment**
☐ pleaded nolo contendere to count(s)   which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(B) | Possession with Intent to Distribute 100 Grams and More of Heroin | 11/05/2010 | 1 |
| 18 U.S.C. Sec. 922(g); 18 U.S.C. Sec. 924(a)(2) | Felon in Possession of a Firearm | 11/05/2010 | 2 |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**November 30, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**February 23, 2012**
Date Signed

Defendant: **Robert Sanchez**
Case Number: **1:10CR03449-001JB**

## ADDITIONAL COUNTS OF CONVICTION

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 924(c)(1)(A) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime | 11/05/2010 | 3 |

Defendant: **Robert Sanchez**
Case Number: **1:10CR03449-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **292 months**.

**A term of 232 months is imposed as to each of Counts 1 and 2; said terms shall run concurrently. A term of 60 months is imposed as to Count 3; said term shall run consecutively to Counts 1 and 2 for a total term of 292 months.**

**On December 28, 2010, a federal grand jury indicted Defendant Robert Sanchez on three Counts: (i) unlawfully, knowingly, and intentionally possessing with the intent to distribute 100 grams and more of a substance containing heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1); (ii) being a felon in possession of seven firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (iii) possessing firearms in furtherance of the drug-trafficking crime alleged in Count 1, in violation of 18 U.S.C. § 924(c)(1). See Indictment, filed December 28, 2010 (Doc. 2). On August 11, 2011, Sanchez pled guilty to the Indictment. See Clerk`s Minutes, filed August 11, 2011 (Doc. 38).**

**On October 4, 2011, the United States Probation Office ("USPO") disclosed a PSR for Sanchez. The USPO notes that, pursuant to U.S.S.G. § 3D1.2(c), Counts 1 and 2 of the Indictment are grouped, because Count 1 embodies conduct that is treated as a specific-offense characteristic in the guideline application for Count 2. See PSR ¶ 19, at 7. Accordingly, the PSR calculates the offense level for the most serious of the Counts as the offense level for the group. See PSR ¶ 19, at 7. The USPO indicates that Count 3 is not grouped, pursuant to U.S.S.G. § 2K2.4, and that the guideline imprisonment sentence for Count 3 is 60 months, as required by statute, which must run consecutively to the sentence for Counts 1 and 2. See PSR ¶ 19, at 7. The PSR calculates that the total offense level for Counts 1 and 2 is 34, and that Sanchez has criminal history category of VI, based on 16 criminal history points, establishing a guideline imprisonment range of 262 to 327 months. See PSR ¶¶ 30, 43, at 10, 19. Accordingly, with the 60-month consecutive sentence, the guideline imprisonment range for all Counts is 322 to 387 months. See PSR ¶ 88, at 27.**

**Plaintiff United States of America asks that the Court impose a sentence of 360-months imprisonment. Sanchez requests a sentence of 240-months imprisonment. The Court has reviewed the PSR`s factual findings with care and, there not being objections as to those, the Court will adopt them as its own. The Court has also reviewed the PSR`s guideline calculations and will adopt them as well. The Court has considered the factors set forth in 18 U.S.C. § 3553(a). The total offense level is 34 and the criminal history category is VI. Pursuant to U.S.S.G. § 4B1.1 the guideline imprisonment range is 322 to 387 months.**

**The Court notes that Sanchez possessed with intent to distribute 364.3 grams of heroin and possessed seven firearms and ammunition. Additionally, the Court notes that Sanchez has three prior felony convictions for drug-trafficking offenses. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the applicable category of offense committed by the applicable category of defendant. The Court notes that Sanchez` criminal history is very serious and gives the Court great concern. The Court recognizes that, as of late, Sanchez appears to have had some marginal success in life and has been able to form a meaningful personal relationship, which accounts for the gap in his criminal history. From February 2007 to his arrest in November 2010 for this offense, Sanchez was not arrested for or convicted of any crimes. The Court has concern, however, whether Sanchez` criminal activity ever ended, because of the serious drugs involved and Sanchez` minimal employment. The Court believes that a sentence at the high end of the guideline range is too close to a life sentence, although the Court expects Sanchez to live beyond his sentence. On the other hand, Congress has established mandatory minimums for career offenders like Sanchez, and the Court does not believe that varying to the sentence Sanchez requests would be appropriate. Nonetheless, the Court believes that the punishment set forth in the guidelines is inappropriate for Sanchez. The Court then considered the kinds of sentences and ranges established in the guidelines. The Court believes that a variance is appropriate given Sanchez` age and that there seems to be a discernable gap in his criminal history from 2007 to 2010. The Court will vary the equivalent of one offense level to reflect these two factors and sentence Sanchez to 292-months imprisonment, which is the equivalent of approximately twenty-four years. The Court believes that this sentence promotes respect for the law and still gives effect to congressional intent with respect to career offenders. The Court believes that this sentence is sufficiently lengthy to protect the public. Furthermore, the Court believes that it avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, because this is not, relative to the length of the guideline sentence, a significant variance and the sentence is only 30 months less than the low-end of the guideline range. The Court will also impose a lengthy period of supervised release to give Sanchez some needed education, training, and care to prevent the recurrence of such criminal activity.**

**The Court concludes that a total sentence 292-months imprisonment fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Sanchez to a total of 292-months imprisonment months -- which consists of consecutive sentences of 232 months for Counts 1 and 2 and 60 months for Count 3 -- and eight years of supervised release.**

☒     The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒     The defendant is remanded to the custody of the United States Marshal.
☐     The defendant shall surrender to the United States Marshal for this district:
         ☐     at  on
         ☐     as notified by the United States Marshal.
☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
         ☐     before 2 p.m. on
         ☐     as notified by the United States Marshal
         ☐     as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Robert Sanchez**
Case Number: **1:10CR03449-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **8 years** .

**A term of 8 years is imposed as to Count 1; a term of 3 years is imposed as to each of Counts 2 and 3; said terms shall run concurrently for a total term of 8 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

AO 245B (Rev. 12/10) Sheet 3 — Judgment - Page 6 of 7

Defendant: **Robert Sanchez**
Case Number: **1:10CR03449-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, as approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal drugs, alcohol, weapons or any other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.**

Defendant: **Robert Sanchez**
Case Number: **1:10CR03449-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $300.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A  ☒  In full immediately; or
B  ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.